Edward S. Conway, J.
This is a motion for judgment under the provisions of section 330 of the Election Law invalidating, declaring void and nullifying the general election for the office of Alderman, Third Ward, City of Hudson, New York, held on November '5,1974, and directing the Board of Elections to reject the certification of a winner for said office and directing that a new election be ¡held for said office on the ground that the Board of Elections perpetrated an irreparable mistake in forwarding absentee ballots that were legally insufficient.
Petitioner was a candidate for the office of Alderman Third Ward, City of Hudson on the Democratic ticket in the election held November 5, 1974 and was opposed by one Dolores Eisner who was ¡nominated by the Republican Party.
The Board of Elections sent out 14 absentee ballots to voters duly qualified to vote at the general election in the Third Ward, City of Hudson, New York for the office of Alderman. A total of 628 voters voted in the ward at the general election; 315 votes for Dolores Eisner and 313 votes for John Hart. Of the 14 absentee ballots that were sent out, nine failed to include the names of John Hart and Dolores Eisner as candidates for the office of Alderman.
It is the contention of the petitioner that the error committed by the Board of Elections denied the nine qualified voters the privilege of voting for the office of Alderman in the Third Ward and that the irregularity, error or mistake made by the Board of Elections was irreparable and made it impossible to determine who was legally or rightfully entitled to the office of Aider-man in said ward since only two votes separated the candi *16 dates and the error on nine ballots has made it impossible to make a determination of the winner, as the nine votes were of a critical nature.
Petitioner contends that the basis for relief is contained in subdivision 4 of section 330 of the Election Law. Such section reads as follows: “4. Protested, wholly blank or void ballots shbwn upon the statements of the canvass in any election district or districts, or any protested or rejected absentee voters’ ballots, including the original applications for such absentee ballots, for an election district or districts, in a proceeding instituted by any candidate or the chairman of any committee as defined in section two, against the board of canvassers, if any, of the returns from such district, and otherwise against the board of inspectors of election of such district, both of which boards shall continue in office for the purposes of this subdivision; and the court or justice may direct a recanvass, or the correction of any error in .the canvass, of such ballots, .but a proceeding under this subdivision must be instituted within twenty days of the election.”
Petitioner further contends 'that in the light of all the facts in order for the court to sufficiently exercise its power to correct errors, it necessarily follows "that it must annul the election for there is no other way to reach a just result.
Respondents contend that this court lacks jurisdiction to order a new general election; that the defective ballots must be declared void, and the results of the canvass be determined without them.
The Appellate Division, Second Department, in Matter of Corrigan v. Board of Elections of Suffolk County (38 A D 2d 825, 826-827, affd. 30 N Y 2d 603), held: “We agree with so much of Special Term’s determination as held that it lacked power to order a new election # . * * In a summary proceeding pursant .to section 330 of the Election Law, the court’s jurisdiction is limited to that conferred by the statute [cases cited]. While section 330 gives the court summary power to set aside a primary election and order a new one (subd. 2), it does not give the court summary power to do either of those things with respect to a general election; where a general election is involved, the court can make such determinations only in a plenary action in the nature of quo warranto, if the office is occupied, or in a plenary action for a declaratory judgment, if the office is not yet occupied [cases cited]. In a summary proceeding under section 330 of the Election Law which involves a general election, the court’s only powers are (1) to determine the validity *17 of protested, blank or void paper ballots * * * (snbd. 4) * * * it cannot annul an election or direct a new one because a machine registered more or less votes than were actually cast, or more votes than the number of eligible voters * * * correct errors in their rulings on the validity of paper ballots and then direct the canvassers to tabulate the votes, as found by the court, and certify the winner of the election [cases cited]. In short, the Board of Elections has the ministerial duty to count the votes and determine who has the most; and the court’s sole jurisdiction in a summary proceeding under section 330 (involving a general election) is to correct errors of the board in passing upon disputed paper ballots or in making the mathematical tabulation of the votes, and then to compel the board to perform its duty of counting the votes, as corrected by the court, and certifying the winner. ’ ’
This court is therefore of the opinion that it must declare the nine paper absentee ballots invalid and direct the Board of Elections to recanvass the votes so as to show a total of 315 votes for Dolores Eisner and a total of 313 votes for John Hart and to certify Dolores Eisner as the candidate elected to the position of Alderman in the Third Ward of the City of Hudson, New York.
Attorneys for respondent Eisner to submit order consistent herewith.